## ERNEST CROTSHIN v. PENNSYLVANIA RAILROAD COMPANY.

Submitted December 17, 1914—Decided March 5, 1915.

Where the plaintiff recovered damages of $7,000 in an action for personal injuries received by him, which consisted of a multiple compound fracture of the left elbow joint, which resulted in a permanently ankylosed elbow joint, the verdict will not be set aside as excessive.

On rule to show cause.

Plaintiff recovered a verdict at the Mercer Circuit, for $7,000 damages, for injuries received by him on the 24th day of October, 1912, by having been drawn against an Adams Express train of the defendant railroad passing Trenton station, or by having been thrown to the platform of said station by what is called suction, of said passing train. The injury complained of is a permanent stiffening of the elbow joint, or ankylosis as it is termed. Plaintiff testified that he still has considerable use of his arm.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the rule, *Theodore Strong.*

*Contra, James & Malcolm G. Buchanan.*

The opinion of the court was delivered by

GARRISON, J.    Under the authority of *Monroe* v. *Pennsylvania Railroad Co.,* 85 *N. J. L.* 688, it was not error to submit to the jury the question of fact upon which the liability of the defendant was rested and the verdict was not against the clear weight of the evidence.

The injury sustained by the plaintiff was a multiple compound fracture of the left elbow involving the lower end of the bone of the upper arm and upper end of the bone of the forearm, each of which was splintered and protruded through the skin so that the joint itself was exposed.    The result is an alternative between a permanently ankylosed elbow joint or repeated fractures and operations in the attempt to restore its mobility.

The verdict was $7,000, which includes compensation for pain and suffering in the past and future and the loss of earning capacity.    We cannot say that this is demonstrably excessive.    The argument that seeks to assign a strictly arithmetical ratio to the partial deprivation of the use of a limb loses sight of the fact that such a condition is to some extent a bar to the obtaining of employment in competition with those who have the full use of all of their faculties, and hence to that extent involves a complete loss of opportunity to earn wages, which the jury have both the right and the qualifications to take into account.    The injury necessitated the plaintiff's discharge from the United States army in which he was serving as a private soldier so that he is now in the position of one who must seek civil employment in competition with those who have been trained to such employment and have the full use of their limbs.    These are substantial and meri-

torious matters for the consideration of a jury around which it is quite impracticable to describe a mathematical line.

The rule to show cause will be discharged.